**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4201**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WINDELL NORWOOD HICKS, a/k/a Fly Hicks,

        Defendant – Appellant,

    v.

DEBBIE LANETT JOHNSON; NAOMI JOHNSON,

        Claimants.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (7:09-cr-00009-FL-1)

---

Submitted:  June 29, 2011        Decided:  July 13, 2011

---

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Windell Norwood Hicks pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute, and distribution of, more than fifty grams of crack cocaine, 21 U.S.C. § 846 (2006), and was sentenced to 160 months of imprisonment, within his advisory Sentencing Guidelines range. On appeal, Hicks' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred by overruling Hicks' objection to the two-level enhancement he received for possession of a firearm. Hicks has filed a supplemental pro se brief in which he challenges the calculation of his criminal history score. The United States seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. To determine whether a waiver is

2

knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Hicks knowingly and intelligently waived his right to appeal. In his plea agreement, Hicks explicitly waived the right to challenge his sentence on appeal, reserving only the right to appeal based upon grounds of ineffective assistance of counsel, prosecutorial misconduct, or a sentence in excess of the applicable Sentencing Guidelines range. Hicks confirmed at his Rule 11 hearing that he read and understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Hicks understood the charges and potential penalties and that Hicks was competent to enter the plea. We therefore conclude that Hicks knowingly and

intelligently pled guilty and waived the right to appeal his sentence. The issues Hicks seeks to raise on appeal fall squarely within the scope of the waiver provision; accordingly, we grant the Government's motion to dismiss the appeal as to Hicks' sentence.

The waiver provision did not, however, waive Hicks' right to appeal his conviction. In accordance with <u>Anders</u>, we have thoroughly examined the entire record for any potentially meritorious issues not covered by the waiver and have found none. Therefore we affirm Hicks' conviction and grant the Government's motion to dismiss in part as to Hicks' sentence. This court requires that counsel inform Hicks, in writing, of his right to petition the Supreme Court of the United States for further review. If Hicks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hicks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART